IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD W. McGINNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-1371 |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Defendant. ) | |
| ) | |

O R D E R

AND NOW, this 30th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]  Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to evaluate the medical evidence, by failing to include Plaintiff's medical diagnosis of pain disorder with psychological factors as a severe medically determinable impairment ("MDI"), and by violating Social Security Ruling ("SSR") 82-41 by not confirming whether there was very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry. (Doc. No. 17). As explained herein, the ALJ did not err and therefore the decision is supported by substantial evidence.

In this matter, Plaintiff argues that the ALJ failed to evaluate or weigh Dr. John McKeating, M.D.'s opinion and that, as a result, Plaintiff's residual functional capacity ("RFC") is defective. (*Id.* at 9-12). However, the ALJ did address this opinion and explained how she considered it in accordance with the applicable regulations at 20 C.F.R § 404.1520c. (R. 16). Indeed, the ALJ referenced Exhibit 6F, containing Dr. McKeating's opinions, and explained she did not find these opinions persuasive because they did not address the period at issue in the current appeal. (R. 16). Accordingly, Plaintiff's argument on this point fails.

Plaintiff further argues that the ALJ failed to include his medical diagnosis of pain disorder with psychological factors as a severe MDI at Step Two of the sequential process. (Doc. No. 17 at 12-14). Plaintiff contends that this impairment would require him to have more off-task time and would eliminate all options for sustained full-time employment. (*Id.*). This argument ignores that the mere diagnosis or existence of an impairment is not enough to show that it is "severe." *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 780 (3d Cir. 2004). Here, the ALJ fully considered Plaintiff's pain as a residual symptom of his hernia repair. Indeed, the ALJ stated that Plaintiff experienced ongoing chronic pain caused by a "hernia repair complicated by wound problems requiring a wound vac" and that Plaintiff was treated with narcotics. (R. 15). The ALJ also noted that Plaintiff "reported that despite chronic pain, he had adequate pain relief, his pain was managed overall, and he was feeling well[.]" (R. 15). Accordingly, the ALJ adequately considered Plaintiff's pain.

Lastly, Plaintiff contends that the ALJ violated SSR 82-41, as Plaintiff was over age 55 for the entirety of his claim and the ALJ did not fulfill the obligation to confirm specifically whether there was little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry. SSR 82-41 states that "[t]o find that an individual who is age 55 or over and is limited to sedentary work exertion has skills

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED.

                                                       s/Alan N. Bloch
                                                      United States District Judge

ecf:         Counsel of record

---

transferable to sedentary occupations, there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings or the industry." In this matter, it is undisputed that Plaintiff was 55 for the entirety of the relevant period and that the ALJ limited Plaintiff to sedentary work with postural limitations. (Doc. No. 17 at 14; R. 13). However, the ALJ did in fact confirm, based on the vocational expert's ("VE") testimony, that Plaintiff's past relevant work was so similar to jobs existing in significant numbers in the national economy that he "would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or industry." (R. 18). Indeed, the ALJ specifically asked the vocational expert, "Okay, so that would be little to no adjustment?" and the VE responded, "yeah, that's correct." (R. 66). Thus, Plaintiff's argument on this point is without merit.

        The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

3